Phillip T. Whiteaker, Judge, concurring.
I agree with the majority that this case should be affirmed on the merits. I write separately in order to express my growing concern regarding the repeated violations of the statutory time frames that are plainly evident in this case and have become seemingly commonplace and routine in dependency-neglect and termination actions.[1] I acknowledge that our appellate court precedents have consistently demonstrated that while the Juvenile Code has set out statutory time frames within dependency-neglect proceedings, the legislation does not require reversal as a remedy for noncompliance. See Ark. Code Ann. § 9-27-302 (Repl. 2015). Since the legislature did not provide reversal as a remedy, we have been reluctant to do so. See McKinney v. Ark. Dep't of Human Servs. , 2017 Ark. App. 475, at 16-17, 527 S.W.3d 778, 789.[2] In fact, in Wright v. Arkansas Department of Human Services , 2018 Ark. App. 503, 560 S.W.3d 827, we stated that compliance is "little more than a 'best practice,' the violation of which does not warrant reversal or any other sanction."
I candidly admit the above precedents of our court in this area. However, surely the legislature imposed the statutory timeframes for some legitimate purpose. Otherwise, why have them at all? At the very least, our cases have shown that the failure to follow the statutory framework can lead to confusion and delay in the orderly prosecution of such actions. Under the juvenile code, a party must mandatorily appeal certain orders to preserve issues pertaining thereto. When the order is not timely filed of record, those appeal rights are affected. Even the legislature has stated that one of the purposes of the juvenile code is to provide a means through which the parties are assured a fair hearing, and their constitutional rights and other legal rights are recognized and enforced. Ark. Code Ann. § 9-27-302(4). It is my opinion that the time has come to mandate that the parties and the courts comply with the statutory timeframes. Accordingly, I express my desire *498 for the legislature to at last revisit the timeframes set forth in our dependency-neglect and termination statutes and determine an appropriate remedy for a failure to comply.

The violations in this particular case are highlighted in footnotes two and three of the majority opinion.

I acknowledge that I was a member of the unanimous three-judge panel in McKinney.